21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marcel L. BERNARD, Defendant-Appellant.
 No. 93-1626.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1994.
Decided: April 18, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Magistrate Judge. (CA-90-783)
 Barry Clayton Hansen, Gilman, Pangia & Balsamo, Washington, D.C., for Appellant.
 Richard Charles Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Michael J. Pangia, Gilman, Pangia & Balsamo, Washington, D.C., for Appellant.
 Gary P. Jordan, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The United States brought this action seeking to impose civil penalties on Marcel L. Bernard for violating Federal Aviation Administration (FAA) regulations following an incident in which Bernard was forced to make an emergency landing of the aircraft he was piloting. After the Government voluntarily dismissed the action, Bernard petitioned for attorney's fees and other expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. Sec. 2412 (West Supp.1993). Bernard appeals from the denial of his petition, principally arguing that the Government lacked a substantial factual justification for pursuing this enforcement action against him. We affirm.
 
 I.
 
 2
 On July 6, 1985, while piloting a Cessna 172, Bernard encountered engine failure and was forced to make an emergency landing. Bernard submitted an informal handwritten statement, dated July 9, 1985, to the FAA in response to a request from one of its investigators. In this statement, Bernard indicated that during his preflight inspection of the aircraft he visually examined the fuel and assumed that the tanks contained approximately ten gallons. Bernard also stated that he believed that the engine failure was due to fuel starvation and that he visually inspected the tanks after landing and observed that they were empty. Bernard further suggested that the weight of the craft, the removal of the door and wheel pants, the heat and humidity, and the age of the aircraft had caused a higher rate of fuel consumption than he had expected. Finally, Bernard represented that he believed he could avoid this type of problem in the future by measuring fuel and calculating consumption more accurately. During its investigation, the FAA obtained statements from two of the individuals who disassembled the aircraft and transported it back to the airport after the emergency landing. They explained that they had drained only one and one-half gallons of fuel from the craft.
 
 
 3
 In June 1986, the FAA notified Bernard that his actions violated three FAA regulations: (1) failure to be familiar during preflight inspection with information concerning aircraft performance, 14 C.F.R. Sec. 91.5(b)(2) (1985) (current version at 14 C.F.R. Sec. 91.103(b)(2) (1993)); (2) commencing flight without at least 30 minutes of reserve fuel, 14 C.F.R. Sec. 91.22(a)(1) (1985) (current version at 14 C.F.R. Sec. 91.151(a)(1) (1993)); and (3) carelessly or recklessly operating an aircraft in a manner that endangered another's life or property, 14 C.F.R. Sec. 91.9 (1985) (current version at 14 C.F.R. Sec. 91.13 (1993)). When attempts to resolve the matter with Bernard proved unsuccessful, the FAA referred the case to the local United States Attorney for enforcement.
 
 
 4
 In January 1987, an Assistant United States Attorney informed Bernard by letter that the matter had been referred to her office and that she had tried unsuccessfully to reach him by telephone. Bernard responded by letter through counsel. In the letter, counsel indicated that the incident had occurred because the aircraft had consumed more fuel than Bernard had expected and that Bernard understood the seriousness of the incident and accepted responsibility for it. Subsequent settlement discussions were unsuccessful.
 
 
 5
 On March 14, 1990, just three months shy of the five-year limitations period set forth in 28 U.S.C.A. Sec. 2462 (West 1978), the Government filed this action, and the parties consented to the referral of the case to a magistrate judge for final disposition pursuant to 28 U.S.C.A. Sec. 636(c) (West 1993). The Government moved for summary judgment. In response to the motion, Bernard submitted an affidavit in which he averred that he had thoroughly checked the fuel during preflight inspection and he suggested that the fuel starvation could have been caused by a mechanical defect. The magistrate judge granted summary judgment, imposing a $500.00 penalty instead of the $3,000.00 penalty sought by the Government because she felt that the five-year delay by the Government in bringing suit warranted mitigation of sanctions. This court reversed, holding that the grant of summary judgment prior to the date by which depositions were to be completed prevented Bernard from conducting sufficient discovery. United States v. Bernard, No. 91-2011 (4th Cir. Aug. 19, 1991) (per curiam).
 
 
 6
 On remand, the magistrate judge denied the Government's second motion for summary judgment, observing that the Government relied on the same evidence that it had relied upon in its first motion, namely, the postincident statement by Bernard that this court had called "speculative" in our disposition of the earlier appeal. Id., slip op. at 4. The Government then moved to dismiss the case with prejudice citing the time that had elapsed since the incident. The magistrate judge granted the Government's motion to dismiss.
 
 
 7
 Bernard timely petitioned for attorney's fees and other expenses in the amount of $24,942.62. The magistrate judge denied the petition, finding that given Bernard's initial acknowledgment of fault and his subsequent acceptance of responsibility in the letter through counsel, there was a reasonable basis in law and fact for the Government's position throughout the litigation. The magistrate judge further found that: (1) due to Bernard's "early admission of fault, there was no apparent need for the FAA to conduct the type of investigation necessary for proving a contested violation"; (2) the settlement positions of the Government were reasonable; (3) responsibility for delay rested with both the Government and Bernard and delay caused by Bernard constituted a separate basis for denying an award, see 28 U.S.C.A. Sec. 2412(d)(1)(C), (d)(2)(D); and (4) Bernard's allegations of isolated acts of discovery abuses by the Government did not entitle him to an award under the EAJA because the litigation was otherwise substantially justified.
 
 II.
 
 8
 The EAJA provides that attorney's fees and other expenses shall be awarded to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A.Sec. 2412(d)(1)(A) (West Supp.1993). We review the decision of a district court to award or to deny fees and expenses under the EAJA for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 557-63 (1988). After conducting a detailed review of the record, we conclude that the information provided by Bernard and the two individuals who disassembled the aircraft supports our conclusion that the magistrate judge did not abuse her discretion in finding that the Government had a substantial factual basis for its position. Therefore, we affirm the denial of Bernard's petition for attorney's fees and other expenses.
 
 AFFIRMED